The opinion of the Court was delivered.by
Gibson, J.
There is not the slightest reason for this motion. The covenant not to assign without the assent of the lessor, in writing, was broken by the assignment to Page, and I am at a loss to conceive on what ground the procuring of Snyder to take an assignment from Rage shall be considered as releasing the damages. Shall not a lessor who lets his house to a person of a particular occupation* or in whom he reposes a personal confidence, be at liberty to accept a surrender from an assignee of a different occupation, and who may be ruining the property, as in this instance, by turning it into a bawdy house, without releasing the damages then sustained ; or must he elect to pursue the lessee on his covenant, who may be unable to respond to the extent of the damages likely to be suffered ? The remedy by the act of the party is preventive,and does notinterfere with the remedy by the act of the law, which operates retrospectively'on damages then sustained. Clearly there was here no legal bar; for the assignment to Snyder was not a legal surrender, and I do not know that there is any equitable estoppel. The plaintiffs do not claim through the assignment to Page, nor did they do any act that tended to acknowledge him as their tenant, for although rent was received from him, it was always as the agent of the defendant, and the receipts were specially drawn to shew the *448 manner in which it was taken. But an unqualified acceptance Qf ren^ ^which would have confirmed his estate, if it ^a^ nee4ed confirmation,) or acceptance of a surrender from the assignee would have been without influence on the present question, because, even as between the lessor and lessee, a surrender has no such operation as has been ascribed to it. “ If,” says Finer, tit. Surrender, A. 2. pi. 5, “ the tenant breaks covenant in reparations, or such like, and after surrender', and the lessor accept it, yet he may have action of covenant and for this, he cites Brooke, Surrender, pi. 24, who cites 1 H. 6. 1. If the case, therefore, needed authority, it would have it; but on any principle of reason or justice, there can be no doubt.
New trial refused, and judgment on the verdict.